KEVIN L. DIXLER
Law Office of Kevin L. Dixler
28 E. Jackson Blvd./Ste. 1905
Chicago, IL  60604-2214
312/588-0500
Atty#: 06211983
Attorney for Plaintiff

```
FILED: JULY 1, 2008
08CV3741
JUDGE MANNING
MAGISTRATE JUDGE KEYS

TC
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA LEAH JAHN, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| -vs - | ) | |
| | ) | |
| **U. S. IMMIGRATION AND CUSTOMS** | ) | File No. A77-422-315 |
| **ENFORCEMENT; JULIE L. MYERS** Assistant | ) | |
| Secretary, U. S. Immigration and Customs | ) | |
| Enforcement; **GLENN TRIVELINE**, Field | ) | |
| Office Director, U. S. Immigration and Customs | ) | |
| Enforcement; **MICHAEL MUKASEY**, U. S. | ) | |
| Attorney General; **MICHAELCHERTOFF**, | ) | |
| Secretary, U. S. Department of Homeland Security; | ) | |
| **DANIEL J. SEDLOCK, JR.** Chief of Corrections, | ) | |
| McHenry County Adult Correctional Facility | ) | |
| A.K.A. McHenry County Jail. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**EMERGENCY PETITION IN THE FORM OF**
**WRIT OF HABEAS CORPUS AND**
**TEMPORARY RESTRAINING ORDER**

Plaintiff, through her Attorney, complaining of Defendants, allege as follows:

1.      Plaintiff is a resident of Cincinnati, Ohio, who was detained on June 17, 2008

and physically removed to McHenry County Jail in Woodstock, Illinois within

the United States; Plaintiff's detention falls within the jurisdiction of this Court.

This Court's de novo jurisdiction over Plaintiff's Complaint is in the form of a

Writ of Habeas Corpus, since the Defendants unreasonably continued to detain Plaintiff in excess of ten days without filing the Notice to Appear [hearafter "NTA"].

2.    The Court also has jurisdiction as a matter of law over this action based upon 8 U.S.C. 1101(a)(13)(B), 28 U.S.C. §2241, 28 U.S.C. §1331, 5 U.S.C. §504, 5 U.S.C. §704, and 5 U.S.C. §706 based upon information and belief.  See *Chu v. Colding*, 344 U.S. 590 (1953) [Burden of Proof on Government].

3.    The Defendant, U. S. IMMIGRATION AND CUSTOMS ENFORCEMENT [hereafter "ICE"], is a Government Agency within the DEPARTMENT OF HOMELAND SECURITY.  This Defendant is the Agency responsible for detaining aliens.  ICE agents' arrest, detain, issue warrants, serve notices to appear [hereafter "NTA"] in immigration court [hearafter EOIR], and file the NTA charging document in EOIR.  ICE Chief Counsel has unfettered discretion to file an indefinite *ICE automatic stay* of an EOIR finding for bond.

4.    Defendant ICE right to an automatic stay of bond makes any finding under a so called *Joseph* bond redetermination hearing virtually worthless.  Such an effort makes seek bond for an alleged aggravated felon even if bond is approved by EOIR both futile and speculative gestures.  *See* 8 C.F.R. §1003.19(i); but see *Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999).  Also, *Zavala v. Ridge*, 310 F. Supp. 2d 1071 (N.D. Cal. 2004) [finding the automatic stay provision unconstitutional].

5.      MICHAEL MUKASEY, a Defendant herein, is the Attorney General and is sued herein in his official capacity.  Defendant is responsible for overseeing the United States Department of Justice, which controls EOIR and has jurisdiction to summarily rule on immigration detention matters.  Appeals of Bond hearings are rarely decided before a finding, when they involve Respondents accused by ICE of being an arriving alien and aggravated felon in EOIR.

6.      MICHAEL CHERTOFF, a Defendant herein, is the Secretary of the U.S. Department of Homeland Security [hereafter "DHS"] and is sued in his official capacity.  Defendant is responsible for overseeing ICE, which is an Agency within the DHS, which conducts official duties as detailed in paragraph three, above.

7.      JULIE L. MYERS, a Defendant herein, is the Assistant Secretary of the ICE and is sued in her official capacity.  Defendant is directly responsible for overseeing the ICE and its local offices, which includes the Chicago District Office for ICE.

8.      GLENN TRIVELINE, is the Field Office Director of the ICE Office of Detention and Removal for the Chicago District Office of DHS and is sued in his official capacity.  Defendant is directly responsible for supervising detention officer determinations made by the Chicago Office of Detention and Removal.

9.      DANIEL J. SEDLOCK, Jr. the Defendant herein, is the Chief of Corrections for

the McHenry County Jail in Woodstock, Illinois and is sued herein in his

official capacity.  Defendant is responsible for holding detained aliens in said

correctional facility, who are arrested by ICE and currently detains the Plaintiff

based upon this Defendant's agreement with ICE.

10.     On June 17, 2008, the Plaintiff voluntarily reported to the DHS, which had

previously granted Plaintiff deferred inspection based upon humanitarian parole

under INA §212(d)(5) until such date.  See *Shahwan v. Chertoff*, 2005 WL

3369991 (N.D. Cal. 2005) [by analogy, Plaintiff was granted brief humanitarian

parole in deferred status].  Plaintiff timely reported to the DHS Office of the

Customs and Border Protection Agency [hereafter "CBP"].  The CBP arrested

and referred her to ICE in Cincinnati which manages detention under the

mandatory detention provisions.  ***See Exhibit 1***

11.     On or about June 20, 2005, Defendant, JULIE L. MYERS, through her

designated ICE agents transferred the Plaintiff from Ohio to Illinois without

issuing a warrant or NTA thereby divesting EOIR in Ohio of its jurisdiction in

an arguable effort at forum shopping.  This had the effect of prolonging the

Plaintiff's detention depriving her of a bond hearing near her Cincinnati, Ohio

Residence.  ***See Exhibit 1;*** *Accardi v. Shaughnessy,*347 U.S. 260 (1954);

*Bridges v. Wixon*, 326 U.S. 135 (1945); *Singh v. DOJ*, 461 F.3d 290, 295-97 (2d

Cir. 2006). [failure of BIA to follow its own regulation].

4

12.   Defendant, JULIE L. MYERS, through her designated ICE agents served the Warrant

for Plaintiff's arrest on June 25, 2008 in Chicago, Illinois, which is far from Plaintiff's

residence and eight days after the notice of custody determination was issued by DHS

through its Customs and Border Protection Agency.

13.   Defendants' decisions to issue custody determination, detain Plaintiff, transfer venue,

and withhold issuance of an NTA for unreasonable periods of time are arbitrary and

capricious. Such a detention is well in excess of Defendants' own maximum ten day

regulatory maximum before a hearing before EOIR period thereby violating procedural

due process of law as established by regulation.  Defendant Michael Mukasey through his

agents refuses to grant Respondent in the position of the Plaintiff a bond hearing until the

NTA is issued in violation of 8 C.F.R.

14.   On information and belief, Defendant Michael Mukusey through his Administrative

Law Clerks and/or Judges in EOIR recklessly violates bond hearing provisions in 8 C.F.R.

§1003.19 by refusing to issue bond decisions until an NTA is lodged with EOIR.

15.   Defendant ICE, its Defendant Officials and agents initiated a untimely Warrant and

Detainer in Chicago, Illinois, rather than Cincinnati, Ohio over a week after the time of

Plaintiff's formal arrest.  These Defendants have yet to issue an NTA to Respondent based

upon information and belief.  See *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); Zadvydas

v. Davis, 533 U.S. at 690; INA 236(c)(1)(A).

16.   Defendants' have developed a pattern and practice of routinely violating 8 CFR

§1003.19, based upon information and belief; such actions are capable of repetitively

depriving liberty interests in the form of due process yet evading review. Defendants' custody, detention and transfer to Chicago, Illinois of Plaintiff puts an unreasonable chill on procedural and substantive due process with respect to the decision to deny release in spite of 8 U.S.C. §1225(c)(2) for those aliens who do not pose a danger to the safety of others and are likely to appear for any scheduled proceedings to challenge their removal from the United States. ***See attached Group Exhibit 2*** (record of discharge from supervision, sentencing order and plea agreement)

17.  Defendants' decision to transfer Plaintiff to Chicago deprived Plaintiff of her first Attorney of Record, Neil Fleischer.

18.  Defendants' decision to make a custody finding, but intentionally delay hearing and withhold service of Plaintiff's warrant and NTA willfully circumvents the intent of Congress and Defendants' own regulation; Defendants' actions deprive Plaintiff of procedural due process through a timely hearing well in excess of the maximum ten day period before hearing. This delay has deterred the will of the Plaintiff to seek redress in EOIR unless she is immediately released.

19.  The Defendants' delay and detention has a chilling effect on substantive due process of law by circumventing procedural due process of law in that detention further injures the liberty of Plaintiff and deters her decision to pursue due process of law.

20.  As a result of Defendant Michael Chertoff and his agent's actions, Plaintiff's NTA remains pending in excess of fifteen days in spite of Plaintiff's request for an immediate hearing.

21.  On information and belief, this matter relies upon whether Plaintiff is statutorily
    eligible for relief in the form of cancellation.

22.  On information and belief, Respondent can only be charged pursuant to 8 U.S.C.
    §1182(a)(2) and is arguably eligible for cancellation of removal based upon 8 U.S.C.
    §1229b(a), but for the chilling effect of detention on her rights to procedural due process
    of law as enforced by the Defendants.

23.  There is an arguable issue of law as to whether 8 U.S.C. §1101(a)(43)(M)(i) requires an
    'actual loss' to the victim or victims in excess of $10,000 after sentencing and successful
    restitution based upon an 18 U.S.C. 2113(b).

24.  On information and belief, the Plaintiff completely reimbursed the Bank in question for
    its losses, which  creates an issue of law capable of repetition but evading review when
    aliens are detained without bond by the Defendants under the claim that Respondent is not
    subject to bond in spite of 8 U.S.C. §1226(c)(2).

25.  Defendants' had no reasonable basis to detain, transfer and delay a hearing in excess of
    ten days in spite of Defendants' knowledge that Plaintiff wanted an immediate hearing on
    the merits.

26.  Defendants appear to engage in a pattern and practice of delaying EOIR filings and
    that, as a result, aliens have waived their right to a hearing due to the denial of timely
    procedural due process caused by the deprivation of liberty in the form of ongoing and

unreasonable detention.

27.   The abovementioned subsequent pattern of deprivation of liberty by the Defendants

may arguably serve as the basis of a demand for costs,  expenses and damages based upon

28 U.S.C. §2412(d) and 5 U.S.C. §552(a)(4)(E), the latter of which allows Equal Access

of Justice Act Fees based upon the catalyst theory.

28.   Yet, Plaintiff, like others, will not pursue her claim to cancellation, will demand a

finding, waive appeal, and to give up pursuing a finding of law unless she is given her

liberty by July 1, 2008 and immediately released from the Defendants' detention before

the scheduled July 2, 2008 hearing at 9:00 a.m.

29.   Plaintiff's decision to give up her right to due process will be based upon her inability

and unwilling to indefinitely remain in the Defendants' custody while pursuing due

process.

30.   Defendants' custody can last well in excess of a year while a detained immigration

matter is pending before both EOIR and the Board of Immigration Appeals; even a shorter

delay has an arguably chilling effect upon justice through the procedural deprivation of

due process, yet said Agencies are supervised by Defendant Michael Mukasey.

31.   Plaintiff had never been in significant custody and detention until June 17, 2008;

Plaintiff received a two year sentence of probation based upon the circumstances and

convictions at issue.  The sentencing order suggests that Plaintiff had substance abuse

challenges, which she seems to have overcome.

32.     Plaintiffs' significant deprivation of liberty interests, due to the sentencing and

        probation record, custody and sudden transfer away from her retained

        Cincinnati attorney merits Plaintiff's immediate release.

33.     Defendants' will not suffer significant damages in spite of said release.  Plaintiff

        has demonstrated that she is not a danger to the community and/or a flight risk

        in that she has appeared for court and has completed her probation as of

        February of 2008.  *See Exhibit 2*

34.     The Plaintiff's continued detention causes Defendants to suffer more damages

        from indefinitely paying the McHenry County Jail, among other correctional

        facilities to continue the detention of the Plaintiff until Defendants' can confirm

        and schedule Plaintiffs' departure from the United States following any hearing.

35.     The Plaintiff's continued detention causes Defendants will be obligated to pay

        for Plaintiff's flight to Germany unless she is released, so that she can leave of

        her own free will with verification by the Defendants.

36.     The chilling effect of detention on the Plaintiff's right to procedural due process

        of law is a significant deprivation of a liberty interest which significantly

        outweighs the Defendants' interest in continuing the custody and detention of

        Plaintiff.

WHEREFORE, Plaintiff prays that:

1. The Court orders Defendants to immediately release Plaintiff before Plaintiff gives up her right to procedural due process based upon said significant deprivations of liberty interests in the form of the custody determination, ongoing detention, and transfer; Plaintiff has demonstrated that she is neither a danger to the community or flight risk based upon 8 U.S.C. §1226(c)(2)in lieu of the unreasonable detention and intentional transfer of venue.

2. The court finds that there are arguable issues of law, which merit Plaintiff's release from custody for a more careful legal review with a good faith determination and judicial oversight as to whether Plaintiff's sentencing order with restitution takes her conviction for 18 U.S.C. §2113(b) outside the aggravated felony definition codified in 8 U.S.C. §1101(a)(43)(M)(i) as a matter of law.

3. The Court orders Defendant to immediately cease Plaintiff's custody and detention until and unless mandated by this Honorable Court.

4. The Court grant such further relief as may be just, lawful and equitable in the premises in the form of attorneys fees, court costs and expenses to initiate and complete this action based upon, but not limited to the Equal Access to Justice Act as codified in 28 U.S.C. §2404; 28 U.S.C. §2412(d) and/or 5 U.S.C. §552(a)(4)(E).

5. The Court grants such other relief as this Court deems just as a matter of law and discretion, which may include suitable bond to insure Plaintiff's appearance.

Respectfully Submitted,

/s/ Kevin L. Dixler

Dated: <u>July 1, 2008</u>

_____

KEVIN L. DIXLER
Plaintiff's Attorney

08CV3741
JUDGE MANNING
MAGISTRATE JUDGE KEYS

TC

# Group Exhibit 1

**U.S. Department of Justice**
Immigration and Naturalization Service

# Notice of Custody Determination

Jessica Lea JAHN

No Address Provided

**Case No: NYC0804001986**
**File No: A077 422 315**

Date: 06/17/2008

**FIN #: 1073976861**

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

- ☒ detained in the custody of this Service.
- ☐ released under bond in the amount of $_____.
- ☐ released on your own recognizance.

☒ You may request a review of this determination by an immigration judge.

☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

_____
(Signature of authorized officer)

CBP officer
(Title of authorized officer)

HeBron, KY
(INS office location)

☒ I do ☐ do not request a redetermination of this custody decision by an immigration judge.

☒ I acknowledge receipt of this notification.

_____        6/17/08
(Signature of respondent)              (Date)

## RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge    ☐ District Director    ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐ No change - Original determination upheld.       ☐ Release-Order of Recognizance
☐ Detain in custody of this Service.               ☐ Release-Personal Recognizance
☐ Bond amount reset to _____            ☐ Other: _____

_____
(Signature of officer)

Form I-286 (Rev. 4-1-97)N



## Notice to Respondent

**Warning:  Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings.  You are required to carry it with you at all times.

**Representation:**  If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16.  Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:**  At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case.  If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear.  You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily.  You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:**  You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form.  Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing.  I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____    _____
(Signature of Respondent)

Before: _____  CBP officer        Date: ___6/17/08___
(Signature and Title of INS Officer)

### Certificate of Service

This Notice to Appear was served on the respondent by me on __June 17, 2208__, in the following manner and in
(Date)

compliance with section 239(a)(1)(F) of the Act:

☒ in person          ☐ by certified mail, return receipt requested          ☐ by regular mail
☐ Attached is a credible fear worksheet.
☐ Attached is a list of organizations and attorneys which provide free legal services.
The alien was provided oral notice in the _____ language of the time and place of his or her hearing
and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____        _____  CBP officer
(Signature of Respondent if Personally Served)              (Signature and Title of Officer)

Form I-862 (Rev. 3/22/99)N



6 25 08  6pm

U.S. Department of Homeland Security                                    **Warrant for Arrest of Alien**

================================================================

DEPARTMENT OF HOMELAND SECURITY,                                File No. A077 422 315
ICE / DRO                                                       Event No: NYC0804001986
101 W. CONGRESS PKWY., 4th FLOOR          FINS #: 1073976861    Date: June 19, 2008
CHICAGO, IL  60605

To any officer delegated authority pursuant to Section 287 of the Immigration and Nationality

Act:

From evidence submitted to me, it appears that:
Jessica Lea JAHN
_____
                              (Full name of alien)
                                              New York City
an alien who entered the United States at or near _____ on
                                                            (Port)
June 17, 2008 _____ is within the country in violation of the immigration laws and is
        (Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and

Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the

regulations issued pursuant thereto, I command you to take the above-named alien into custody for

proceedings in accordance with the applicable provisions of the immigration laws and regulations.

                                        _____
                                        (Signature of Designated Immigration Officer)
                                        CHRIS MCDANIELS
                                        -------------------------------
                                        (Print name of Designated Immigration Officer)

                                        AFOD
                                        -------------------------------
                                        (Title)

--------------------------------------------------------------------------------
|                            **Certificate of Service**                        |
|                                                                              |
| Served by me at Chicago, IL _____ on June 25, 2008 ____ at 10:00 AM __ |
| I certify that following such service, the alien was advised concerning his or her right to counsel and was |
| furnished a copy of this warrant.                                            |
|                                                                              |
|                              SANDRA SALAZAR                                  |
|                              (Signature of officer serving warrant)          |
|                                                                              |
|                              DEPORTATION OFFICER                             |
|                              (Title of officer serving warrant)              |
--------------------------------------------------------------------------------
                                                            Form I-200 (Rev. 08/01/07)

# Group Exhibit 2

PROB 35
(Rev. 5/01)

**Report and Order Terminating Probation/Supervised Release**
**Prior to Original Expiration Date**

# UNITED STATES DISTRICT COURT

FOR THE

Southern District of Ohio

UNITED STATES OF AMERICA

v.

Crim. No.   CR-1-06-81

Jessica Jahn

On _____February 20, 2007,_____ the above named was placed on probation/supervised release for a period of

_Two_ years.  The probationer/supervised releasee has complied with the rules and regulations of probation/supervised

release and is no longer in need of supervision.  It is accordingly recommended that the probationer/supervised releasee be

discharged from supervision.

Respectfully submitted,

U.S. Probation Officer

## ORDER OF COURT

Pursuant to the above report, it is ordered that the probationer/supervised releasee be discharged from supervision

and that the proceedings in the case be terminated.

Dated this _27th_ day of _February_ , 20 _08_ .

United States District Judge

AO 245B (Rev. 06/05)  Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Southern District of Ohio at Cincinnati

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**JESSICA JAHN** | **JUDGMENT IN A CRIMINAL CASE** |

Case Number:   **CR-1-06-81**

USM Number:   03518-061

William R. Gallagher, Esq.
Defendant's Attorney

## THE DEFENDANT:

[✔]    pleaded guilty to count(s): <u>One of the Information</u> .
[ ]    pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]    was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| Title 18 U.S.C. § 2113(b) | Bank Larceny | February 27, 2006 | One |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on counts(s) ___ .

[ ]    Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

February 20, 2007
Date of Imposition of Judgment

Signature of Judicial Officer

HERMAN J. WEBER, United States Senior District Judge
Name & Title of Judicial Officer

2 / 20 / 07
Date

AO 245B (Rev. 06/05)  Sheet 4 - Probation

| | | |
|---|---|---|
| CASE NUMBER: | CR-1-06-81 | Judgment - Page 2 of 5 |
| DEFENDANT: | JESSICA JAHN | |

# PROBATION

The defendant is hereby sentenced to probation for a term of TWO (2) YEARS

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the Court.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

[✔]    The defendant shall not possess a firearm, ammunition, destructive device or any other dangerous weapon.

[✔]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05)  Sheet 4 - Probation

CASE NUMBER:        CR-1-06-81                                     Judgment - Page 3 of 5
DEFENDANT:          JESSICA JAHN

## SPECIAL CONDITIONS OF PROBATION

1.  The defendant shall participate in a substance abuse treatment program, either inpatient or outpatient, at the direction of the probation officer, which may include testing.

2.  The defendant shall be prohibited from incurring any new credit or establishing any additional lines of credit without approval of the probation officer.

3.  The defendant shall provide the probation officer access to all requested financial information.

4.  The defendant shall not illegally re-enter the United States if deported.

5.  The defendant shall pay any unpaid monetary penalties.

AO 245B (Rev. 06/05) Sheet 5 - Criminal Monetary Penalties

| CASE NUMBER: | CR-1-06-81 | Judgment - Page 4 of 5 |
|---|---|---|
| DEFENDANT: | JESSICA JAHN | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 18,858.00 |

[ ]  The determination of restitution is deferred until _. An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[✔]  The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| First Safety Bank | $18,858.00 | $18,858.00 | |
| 4901 Vine Street, #1 | | | |
| Cincinnati, OH   45217 | | | |
| TOTALS: | $ 18,858.00 | $ 18,858.00 | |

[ ]  Restitution amount ordered pursuant to plea agreement  $_____

[]  The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✔]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[✔]  The interest requirement is waived for the    [ ] fine    [✔] restitution.

[ ]  The interest requirement for the    [] fine    [] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 06/05)  Sheet 6 - Criminal Monetary Penalties

CASE NUMBER:        CR-1-06-81                                          Judgment - Page 5  of  5
DEFENDANT:          JESSICA JAHN

# SCHEDULE OF PAYMENTS

Having assessed the defendant's  ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]   Lump sum payment of $11,958.00  due immediately, balance due

          [ ] not later than   or
          [✔] in accordance with      [✔]  C,     [ ]  D,  [ ] E, or    [ ] F below; or

B    [ ]   Payment to begin immediately (may be combined with    [ ]  C    [ ]  D, or    [ ]  F below); or

C    [✔]   Payment in equal monthly installments of $ 590.00 over a period of a year to commence April 1, 2007; or

D    [ ]   Payment in equal  installments of $  over a period of , to commence  days after release from imprisonment
          to a term of supervision; or

E    [ ]   Payment during the term of supervised release will commence within    (e.g., 30 or 60 days) after release from
          imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time;
          or

F    [ ]   Special instructions regarding the payment of criminal monetary penalties:

     [ ]   If the defendant, while incarcerated, is working in a non-UNICOR or grade 5 UNICOR job, the defendant  shall pay $25.00
          per quarter toward defendant's monetary obligation. If working in a grade 1-4 UNICOR job, defendant shall pay 50% of
          defendant's monthly pay toward defendant's monetary obligation. Any change in this schedule shall be made only by order
          of this Court.

     [ ]   After the defendant is release from imprisonment, and within 30 days of the commencement of the term of supervised
          release, the probation officer shall recommend a revised payment schedule to the Court to satisfy any unpaid balance of
          the monetary. The Court will enter an order establishing a schedule of payments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties
is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several (Defendant and Co-Defendant names and Case Numbers, Total Amount, Joint and Several Amount and
     corresponding payee, if appropriate.):

[ ]   The defendant shall pay the cost of prosecution.
[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest;
(4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of
prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

## CRIMINAL MINUTES - SENTENCING HEARING/SENTENCING

UNITED STATES OF AMERICA
-vs-
JESSICA JAHN

CASE NO. CR-1-06-81

**COUNSEL:**
AUSA: Anne Porter
Defense: William Gallagher

Court Personnel Present:

HONORABLE HERMAN J. WEBER
Law Clerk Amy Thomas
Court Reporter M. Ranz (Official)
Courtroom Deputy Darlene Maury
Probation Officer Laura Jensen
Pre-Trial Services Todd Morris

DATE: Tuesday, February 20, 2007
TIME: 10:00 a.m. - 10:30 a.m.

**DOCKET ENTRY:** Case called before J. Weber for SENTENCING. Defendant present with counsel. REASONS FOR SENTENCE PLACED ON THE RECORD BY THE COURT. Statement to the Court by Bank Representative.

**SENTENCE:**

The defendant is hereby **SENTENCED to Probation for a period of 2 years as to Count 1 of the Information .**

Special Conditions and Standard Conditions stated for the record.

It is ordered that the defendant shall pay to the United States a **SPECIAL ASSESSMENT of $100.00. - No Fine imposed. Restitution in the amount of $18,858.00. Special Assessment due immediately. Payment schedule established for monetary penalties.**

DEFENDANT ADVISED BY THE COURT OF RIGHT TO APPEAL.

Judgment Order to issue.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case Number: |
| | : | **1:06CR--081** |
| Plaintiff | : | |
| v. | : | **PLEA AGREEMENT** |
| | : | |
| JESSICA JAHN, | : | |
| | : | J.   **J. WEBER** |
| Defendant | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The defendant, **JESSICA JAHN**, and her attorney, William R. Gallagher, Esq., agrees with

the United States as follows:

### RIGHTS OF THE DEFENDANT

1.    The defendant understands her rights:

  a.    to be charged by way of an Indictment returned by a
        Federal Grand Jury;

  b.    to plead not guilty;

  c.    to have a trial by jury;

  d.    to confront and cross-examine witnesses and to call
        witnesses in her defense;

  e.    against compelled self incrimination; and

  f.    to have at least thirty (30) days after appearance with
        counsel to prepare for trial.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2.    The defendant waives these rights and pleads guilty to the Information filed herein,

charging her with Bank Larceny, in violation of 18 U.S.C. § 2113(b).

## MAXIMUM PENALTY

3.    The maximum penalty for this offense is:

a.    imprisonment for a period of not more than 10 years; a fine not to exceed the greater of $250,000 or twice the pecuniary gain to defendant or loss to the victim, and a mandatory term of supervised release of not more than 3 years;

b.    additional imprisonment for part or all of the term of supervised release if the defendant violates the conditions of supervised release;

c.    a mandatory special assessment of $100.00 due prior to the date of sentencing, payable to Clerk of Courts, U.S. District Court, Southern District of Ohio; and

d.    mandatory restitution (if applicable) pursuant to 18 U.S.C. § 3663A(C)(1), the Mandatory Restitution Act of 1996, the amount of which defendant understands may include defendant's total offense conduct and is not limited to the restitution attributable to the count(s) of conviction, pursuant to 18 U.S.C. § 3663(a)(3).

## SENTENCING

4.    The sentence in this case will be imposed by the Court. There is no agreement as to what that sentence will be. The defendant understands that the Court could impose the statutory maximum sentence as stated in paragraph 3 above. The defendant understands that the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") are advisory and not mandatory, although the Court is required to consider the Sentencing Guidelines and their application to this case in imposing sentence. Sentencing is within the discretion of the Court, and the defendant understands that the Court may or may not choose to impose sentence based on the applicable sentencing range under the Sentencing Guidelines for the offense charged in the Information. The defendant has thoroughly reviewed with her attorney how the Sentencing Guidelines might apply to this case. The defendant understands that she does not have the right to

-2-