# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3741 | **DATE** | July 1, 2008 |
| **CASE TITLE** | *Jahn v. U.S. Immigration and Customs* | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, Ms. Jahn's request for a temporary restraining order is denied.

■ [ For further details see text below.]                                   Docketing to mail notices.

## STATEMENT

The court has reviewed plaintiff Jessica Jahn's "emergency petition in the form of writ of habeas corpus and temporary restraining order" and considered counsel's oral arguments. Although counsel's presentation is not a model of clarity, it appears that Ms. Jahn is a permanent resident and pleaded guilty in February of 2007 to bank larceny charges in federal court in Ohio. She subsequently left the United States and returned. At the airport, she was offered deferred inspection, which she accepted. Thus, she was allowed to leave the airport, but was later detained. She was then transferred to Chicago, where she is currently in custody.

Ms. Jahn appears to take issue with her detention and transfer from Ohio to Chicago, and argues that she should be allowed to remain out on bond until her eventual deportation to Germany. A hearing before an immigration judge regarding (among other things) the propriety of Ms. Jahn's detention is scheduled for tomorrow, July 2, 2008, at 9:00 a.m. Counsel asserts that this court should order the government to release Ms. Jahn immediately because she is extremely upset by her detention and will not be able to pursue her administrative appeals and obtain justice unless she is at liberty. Counsel then concludes that if Ms. Jahn appears before the immigration judge tomorrow and is still in custody, she will simply agree to be deported to Germany and justice will be subverted.

Counsel does not identify a specific basis for this court's exercise of jurisdiction over a matter that is pending before an immigration judge. The court also notes that this is not a situation where the government has refused to act. Indeed, a hearing is scheduled for tomorrow. The court thus finds that the requested relief is premature and that it lacks jurisdiction over her claims as they are currently presented. In addition, even if this case was properly before this court at this time, Ms. Jahn has not established (among other factors germane to a motion for injunctive relief) a likelihood of success on the merits of her federal habeas petition. Her motion for temporary injunctive relief is thus denied.

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|